IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01128-PAB-BNB

OLEA McCALL,
GARY McCALL,
TAMMY McCALL, and
LILLY McCALL,

    Plaintiffs,

v.

SKYLAND GRAIN LLC, a Kansas limited liability company,

    Defendant.
_____

**ORDER**
_____

Plaintiffs seek to admit the opinion of Mr. Gary Schwartz regarding the amount of damages suffered as a result of defendant's alleged application of the incorrect herbicide to plaintiffs' wheat crop. Defendant Skyland Grain LLC ("Skyland") filed a motion to strike Mr. Schwartz's proffered testimony pursuant to Federal Rule of Evidence 702 [Docket No. 78]. The motion is fully briefed and ripe for disposition.[1]

**I. FEDERAL RULE OF EVIDENCE 702**

Federal Rule of Evidence 702 provides that

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony

---

[1] A hearing is scheduled for May 7, 2010 on this motion and defendant's motion to strike plaintiff's expert Bradley Walker [Docket No. 79]. The Court is satisfied that it can resolve the present motion on the briefs. Therefore, the May 7 hearing will deal only with the proffered testimony of Bradley Walker.

> is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. As the rule makes clear, while required, it is not sufficient, that an expert be qualified based upon knowledge, skill, experience, training, or education to give opinions in a particular subject area. Rather, the Court must "perform[] a two-step analysis." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). After "determin[ing] whether the expert is qualified by 'knowledge, skill, experience, training, or education' to render an opinion," *id.* (quoting Fed. R. Evid. 702), the specific proffered opinions must be assessed for reliability. *See id.*; Fed. R. Evid. 702 (requiring that the testimony be "based upon sufficient facts or data," be the "product of reliable principles and methods," and reflect a reliable application of "the principles and methods . . . to the facts of the case").

Rule 702 "imposes on the district court a gatekeeper function to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *United States v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir. 2004) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). To execute that function, the Court must "assess the reasoning and methodology underlying the expert's opinion, and determine whether it is both scientifically valid and applicable to a particular set of facts." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (citing *Daubert*, 509 U.S. at 592-93). When assessing reliability, "the court may consider several nondispositive factors: (1) whether the proffered theory can and has been tested; (2) whether the theory has been subject to peer review; (3) the known or

potential rate of error; and (4) the general acceptance of a methodology in the relevant scientific community." *103 Investors I*, 470 F.3d at 990 (citing *Daubert*, 509 U.S. at 593-94). These considerations are not exhaustive. Rather, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Ultimately, the test requires that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.*, 526 U.S. at 152.

While plaintiffs, as the proponents of the challenged testimony, have the burden of establishing admissibility, their proffer is tested against the standard of reliability, not correctness; they need only prove that "the witness has sufficient expertise to choose and apply a methodology, that the methodology applied was reliable, that sufficient facts and data as required by the methodology were used and that the methodology was otherwise reliably applied." *United States v. Crabbe*, 556 F. Supp. 2d 1217, 1221 (D. Colo. 2008).

In sum, expert testimony must be excluded if the expert is unqualified to render an opinion of the type proffered, if the opinion is unreliable, if the opinion will not assist the trier of fact, or if the opinion is irrelevant to a material issue in the case.

## II. DISCUSSION

Gary M. Schwartz identifies himself as a Financial/Forensic Consultant and seeks to testify that "the total damages sustained by the McCalls as the result of the alleged actions of Skyland are $180,534.04." Docket No. 78-2 at 6. Mr. Schwartz

3

identified the following categories of damages suffered by plaintiffs: (1) herbicide, (2) additional irrigation, (3) wheat contracts, (4) extra fertilizer costs, (5) grazing/pasture income, (6) section 24 milo, and (7) loss of production.

In regard to the "herbicide" damages, Mr. Schwartz concluded that "[b]ased upon the invoices provided, the total amount paid by the McCalls to Skyland to purchase the . . . herbicide was $14,299.09." Docket No. 78-2 at 4. As for "additional irrigation," Mr. Schwartz opined that "[b]ased upon representations made by the McCalls, this expense totals $18,108.35." *Id.* Then, Mr. Schwartz stated that "[a]ccording to the McCalls, they paid a total of $3,500.00 to buy out [certain wheat contracts]." *Id.* Mr. Schwartz added the cost of additional fertilizer to the damages calculation based on the McCalls' representation that Skyland instructed them to purchase it and then "retracted this instruction." *Id.* "The total cost of this additional fertilizer was $1,831.47," *id.*, as reflected on an invoice dated April 23, 2007. *Id.* at 25.

Mr. Schwartz then turned to "grazing/pasture income" and found that the "total lost revenue (income) for a projected one month of pasturing was $6,195.00." *Id.* at 5. In reaching that calculation, Mr. Schwartz relied upon "representations" and "project[ions]" made by the McCalls. *Id.* The McCalls planted an alternative milo crop due to the damage to their wheat crop. The McCalls "provided . . . the estimated costs related to the planting of milo . . . in the total amount of $41,732.30." *Id.* Because the McCalls sold the milo for $40,012.17, Mr. Schwartz concluded "that the costs in excess of the sales proceeds, $1,720.13, is a recoverable expense." *Id.*

Finally, Mr. Schwartz relied upon the opinion of an agronomist named Bradley

Walker, who plaintiffs have also proffered as an expert,[2] that the lost production suffered by the McCalls as a result of Skyland's actions was 24,000 bushels of wheat. Mr. Schwartz then divided the amount of money the McCalls received from the sale of wheat from the relevant fields during 2007 by the total number of bushels sold to arrive at an average price per bushel of $5.62 per bushel. *Id.* at 5, 26. He "then multiplied the calculated price per bushel by the 24,000 bushels of lost production as concluded by Walker," to reach a loss of $134,880.00.[3] *Id.* at 5. Mr. Schwartz added the foregoing numbers to reach his total damages calculation of $180,534.04.

Regardless of Mr. Schwartz's experience and training, this damages calculation will not assist the trier of fact. He does not claim to be offering, nor to have any expertise to offer, opinions regarding causation or the reasonableness of any of the expenses incurred by the McCalls. *See generally*, Docket 78-3 ("Schwartz Depo."); *see, e.g.*, *id.* at 22, lns. 22-25. In other words, instead of offering an opinion regarding the true, appropriate, or justifiable amount of damages suffered by plaintiffs, Mr. Schwartz is simply assuming, without regard to any identified methodology, that the expenses provided to him by the McCalls are proper. In reaching his damages calculation, Mr. Schwartz took numbers provided to him by plaintiffs and a proffered expert and added them up. Conducting such simple arithmetic is not beyond the ability

---

[2]Skyland has filed a motion to strike the opinion of Bradley Walker [Docket No. 79], which the Court will address separately.

[3]Mr. Schwartz added that "the damages related to the loss of production may be understated in that had the additional yield per acre been realized, the Plaintiffs assert that part of it would have been 'banked' and sold during the winter months when prices were higher." Docket No. 78-2 at 5.

5

and knowledge of the jury. His testimony provides nothing of assistance and, therefore, will be excluded.

Plaintiffs resist this conclusion by offering two primary arguments, neither of which is persuasive. First, they argue that because Olea McCall – the source of much of the information upon which Mr. Schwartz relied – is "not comfortable speaking in public," Mr. Schwartz's testimony "is necessary to quantify, clarify, and summarize Plaintiffs' damage case." Pls.' Response [Docket No. 83] at 4. Mr. Schwartz may not serve as a proxy witness for Olea McCall, providing a hearsay exception and an expert gloss to testimony not requiring the assistance of an expert to understand. *Cf. United States v. York*, 572 F.3d 415, 423 (7th Cir. 2009) (concluding that "'[i]nterpretations' of unambiguous words or phrases that are plainly within the jury's understanding are unlikely to be admissible under Rule 702" because "they would merely put an expert gloss on a conclusion the jury should draw"). Nor is the Court persuaded by plaintiffs' argument regarding the reliability of Mr. Schwartz's methodology. That methodology consisted of adding, subtracting, multiplying and dividing numbers provided by plaintiffs and another expert. Plaintiffs have not explained why a jury will need the testimony of a damages expert to perform such arithmetic.

Finally, Mr. Schwartz's testimony that the aforementioned expenses are recoverable, while stated as an opinion, is nothing more than an assumption. *See* Docket No. 78-3 ("Schwartz Depo.") at 13, lns. 14-16, 21-24 (where Mr. Schwartz explained the basis of his "opinion that the McCalls should be reimbursed for all payments made to Skyland" to purchase Beyond was that he was asked "to assume that the Beyond herbicide was in fact not applied per the contract, and to assume that

6

the glyphosate was applied instead"). Mr. Schwartz has not claimed any expertise in such matters or that he applied any methodology to reach what is, essentially, a legal conclusion. *See A.E. ex rel Evans v. Indep. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir. 1991) ("Fed. R. Evid. 704(a) allows an expert witness to testify in the form of an opinion or inference even if that opinion or inference embraces an ultimate issue to be determined by the trier of fact. However, an expert may not state legal conclusions drawn by applying the law to the facts.") (citations omitted); *see also United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008).

## III. CONCLUSION

For the foregoing reasons, Mr. Gary Schwartz's testimony will not be admitted. Therefore, it is

**ORDERED** that defendant's motion to strike plaintiff's expert Gary Schwartz pursuant to Federal Rule of Evidence 702 [Docket No. 78] is GRANTED.

DATED April 9, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge